(No. 77-CC-0290–)

MARTIN D. MILLER, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 6, 1980.*

PAUL BRADLEY, for Claimant.

TYRONE C. FAHNER, Attorney General (PAUL M. SENGPIEHL, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim based on an alleged contract between Claimant and the State of Illinois, Department of Local Government Affairs.

Claimant, with leave of court, and over the objections of Respondent, amended his complaint by reducing his claim from $2,562.71 to $1,312.78, inasmuch as part of his claim was paid by a railroad pursuant to the order of the Circuit Court of Cook County.

The facts are essentially undisputed. Claimant is a self-employed appraiser and property tax consultant familiar with the appraisal of property of utility companies and railroads.

In May or June 1976, Claimant received an oral telephonic request from William Townsley, Chief of the Office of Financial Affairs, Dept. of Local Government Affairs, to review and critique a procedure developed by the Dept. of Local Government Affairs for appraisal of railroads for assessment purposes.

On June 8, 1976, Claimant prepared and forwarded to Mr. Townsley a written estimate for the proposed work. The fee quoted was $250.00 per day plus out-of-pocket travel and other expenses. In the estimate, Claimant stated "I would estimate that the total cost of the review and critique report would not exceed $1,700.00".

On June 11, 1976, Mr. Townsley called Claimant and told Claimant to proceed with his work. Claimant thereupon commenced work on his report and completed the same on August 25, 1976, and forwarded the same to the Dept. of Local Government Affairs which accepted delivery thereof.

On August 21, 1976, Claimant submitted an invoice in the amount of $2,562.71, which consisted of billing for fees of $2,187.50 and expenses of $375.21.

On December 20, 1976, the Dept. of Local Government Affairs wrote Claimant requesting the dates of travel and hotel expenses and informing Claimant that

there would be a problem in processing the invoice for payment for fiscal year ending June 30, 1976.

Claimant supplied the necessary information on December 22, 1976. On January 13, 1977, the Director of the Dept. of Local Government Affairs, Frank Kirk, acknowledged the existence of an agreement between the parties but stated that payment for fiscal year 1976 could be made only through the Court of Claims.

On February 3, 1977, Claimant received a letter from John W. Castle, Acting Director of the Dept. of Local Government Affairs, advising Claimant, for the first time, that the position of the Department would be that the contract violated the provisions of the Illinois Purchasing Act.

Respondent, for its evidence, produced Vincent W. Johnson, Chief Fiscal Officer of the Dept. of Local Government Affairs, who testified that the procedure in the department was, in 1976 and thereafter, that all contracts were reduced to writing and approved by the Director of the Department and reviewed by legal counsel and that a copy was given to the State Comptroller.

Respondent defends this claim by raising three arguments as follows:

1. That Mr. Townsley had no authority to enter into a contract with anyone which would bind the State of Illinois.

2. That the alleged contract violates the Illinois Purchasing Act.

3. That the Illinois statutes require the filing of a memorandum with the State Comptroller's Office, which is not shown to have taken place here.

As to Respondent's first contention, Respondent

relies solely on the testimony of Mr. Johnson, Chief Fiscal Officer of the Department, as to the procedures then in force in the Department. However, none of those procedures have the force of law. There was no showing that Claimant knew of such procedures. No regulations had been promulgated stating that only the Director of the Department had authority to enter into professional contracts nor has any statutory authority been cited to limit the contract making ability of those who are in apparent authority.

Mr. Townsley, having the title of Chief of the Office of Financial Affairs, had ostensible or apparent authority to enter into the agreement. In any event, the Director of the Department admitted the validity of the contract by his letter to Claimant of January 13, 1977, and thereby admitted that Mr. Townsley did, in fact, have authority to enter into the contract.

Respondent's second argument is based on the Illinois Purchasing Act, Ill. Rev. Stat., ch. 127, pars. 132.9(a) and 132.10, which state as follows:

"132.9a Contracts for professional, technical or artistic skills. §9.01. Whenever any State agency contracts for services involving professional, or artistic skills and involving an expenditure of more than $2,500 for the same type of service at the same location during any fiscal year, which contract is exempt from competitive bidding by reason of sub-paragraph (2) of paragraph a of Section 6, a copy of the contract, which must be reduced to writing, shall be filed with the Comptroller. All copies of contracts filed pursuant to this Section are public records. The originals or copies of contracts filed pursuant to this Section shall be maintained by the Comptroller in files separate from those used for the filing of other contracts."

"132.10 Void contracts. §10. Any contract entered into or purchase or expenditure of funds by a State agency in violation of this Act or the rules and regulations adopted in pursuance of this Act is void and of no effect. Amended by P.A. 78-944, §1, eff. Nov. 14, 1973."

Respondent argues that since the invoice exceeded $2,500.00, the statutory limit, the contract is legally void.

We disagree. The original contract was for an amount not to exceed $1,700.00. There was no expectancy, when made, that the contract would exceed the statutory limit. Thus, the contract, when made, did not violate the Illinois Purchasing Act by not having been reduced to writing and signed by both parties.

The fact that Claimant thereafter billed respondent for more than the statutory limit does not invalidate the original contract. That part of the invoice which exceeds $1,700.00 was not authorized by Mr. Townsley or anyone else on behalf of the Respondent, and was not authorized by the Agreement. The proposal had a ceiling of $1,700.00 and thus Claimant had no right to run up a bill in excess of that amount without further authority from Mr. Townsley. There is no evidence that such authority was given.

It is thus clear that the actual compensable contract, being below the limits set in the Illinois Purchasing Act, are not voided by that Act.

The Respondent's final argument is based on Ill. Rev. Stat., ch. 151, pars. 211 and 215, which state as follows:

"211. §11. Contracts for professional, technical or artistic skills—Vouchers—Warrants). No voucher shall be submitted to the comptroller for a warrant to be drawn for the payment of money from the State treasury or from other funds held by the State Treasurer on account of any contract for services involving professional, technical or artistic skills which is subject to Section 9.01 of "The Illinois Purchasing Act" unless the provisions of that Section have been complied with. In addition, no voucher for payment for professional, technical or artistic skills which is in excess of $1500, may be approved by the comptroller unless the contract or a memorandum for such services has been filed with the comptroller."

"215. §15. Copies of certain contracts to be filed.) Whenever a contract liability, except for personal services, equalling or exceeding $500 is incurred by any State agency, a copy of such contract, purchase order, lease or requisition shall be filed with the comptroller within 5 days thereafter. Any cancellation or modification to any such contract liability shall be filed with the comptroller within 5 days of its execution."

As to par. 211 there is no evidence that a memorandum was filed with the Comptroller. However, the proposal of the Claimant constituted a memorandum which the Department of Local Government Affairs could have, should have, and still may file with the Office of the Comptroller. Such action is peculiarly within the control of the Respondent and should not be the basis of a denial of the claim.

As to par. 215 the same is inapplicable as it contains within it an exception for personal services contracts.

It is hereby ordered that the Claimant, Martin D. Miller, be and the same is hereby awarded the sum of one thousand three hundred twelve and 78/100 ($ 1,312.78) Dollars.